IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VIGILANT HOSE COMPANY OF      :
    EMMITSBURG
                             :
v.                                Civil Action WMN-00-371
                             :

UNITED STATES OF AMERICA      :

### MEMORANDUM

Before the Court are cross motions for summary judgment.
Paper Nos. 11 (Plaintiff's) and 15 (Defendant's).  The motions
are fully briefed.  Upon a review of the pleadings and the
applicable case law, the Court determines that no hearing is
necessary and that Plaintiff's motion will be granted and
Defendant's denied.

At issue in this action is the determination as to whether
the proceeds from "tip jars" which are turned over to Plaintiff
constitute taxable income for the Plaintiff.  The Court finds
that they do not.  The facts upon which the Court bases this
conclusion have been stipulated to, for the most part, by the
parties.  They are as follows.

Plaintiff is a non-profit organization that operates a

---

¹ Plaintiff's motion was captioned as one for judgment on
the pleadings, or in the alternative, for summary judgment.
Because Plaintiff has submitted materials outside the pleadings
which the Court finds pertinent to its determination, the Court
will treat the motion as one for summary judgment pursuant to
Rule 12(c).



volunteer fire department in Frederick County, Maryland.
Plaintiff has qualified for an exemption from federal income
taxes under 26 U.S.C. § 504(c)(4). During its 1995 and 1996
fiscal years, Plaintiff raised funds to support its fire fighting
activities by receiving the proceeds from the operation of tip
jars placed in three Frederick County taverns. A tip jar is a
gambling device in which patrons purchase sealed pieces of paper
containing numbers, series of numbers, or symbols which may
entitle the patron to cash or other prizes. The tip jar
operations were allowed pursuant to a Maryland statute, Md. Ann.
Code. Art. 27, § 258A, and a Frederick County ordinance,
Frederick County Code §§ 1-2-103(f), 1-2-107(a), which were
enacted to allow the operation of tip jars for the benefit of
non-profit organizations.

Under the terms of the Frederick County Ordinance, the
"operator" of the tip jars and the non-profit organization must
jointly apply for and obtain a permit from the County and, to
obtain such a permit, the applicants must establish the bona fide
non-profit status of the sponsoring organization. Frederick
County Code §§ 1-2-107(b), 1-2-104(b)(2). The non-profit
organization "must receive a minimum of seventy percent (70%) of
the proceeds from a tip jar . . . after the winnings are paid but
before any operating expenses are deducted" and the operator "may
receive from the proceeds its expenses, but only up to thirty

2

percent (30%) of the proceeds after winnings are paid."  Id. § 1-2-107(e)(1).  There is no dispute that Plaintiff and the taverns in which the tip jars were placed complied with these regulations.

Plaintiff filed Form 990 information returns for fiscal years 1995 and 1996 reporting no taxable income.  The Internal Revenue Service audited these returns and concluded that the revenues Plaintiff received from the tip jars constituted "unrelated business taxable income."  Based on that conclusion, the IRS assessed $11,546 in taxes for fiscal year 1995 and $17,124 for fiscal year 1996.

In July 1999, Plaintiff paid these taxes[2] but shortly thereafter, filed a request for a refund, challenging the examiner's determination that the tip jar receipts constituted unrelated business income.  After the IRS failed to act on Plaintiff's request for a refund, Plaintiff filed the instant action.  In answering the complaint, Defendant conceded the factual allegations, denying only Plaintiff's legal conclusions. In addition, the parties filed a joint stipulation establishing further facts regarding the operations of the tip jars and Plaintiff has submitted affidavits containing additional facts which Defendant has not contested.

_____

[2] Plaintiff remitted a payment totaling $37,621.09, the tax contended by the IRS to be owed, plus accrued interest thereon.

3

Plaintiff offers a variety of legal arguments as to why the revenues it received from the tip jars should not have been taxed. Because the Court agrees with Plaintiff's primary argument that Plaintiff's activities related to the tip jar operations were not sufficiently extensive to constitute a "trade or business," the Court need not reach Plaintiff's remaining arguments.

The Internal Revenue Code imposes a tax, at the ordinary corporate rate, on income that a tax-exempt organization obtains from "unrelated trade or business . . . regularly carried on by it." 26 U.S.C. § 511(a)(1). Section 513(c) defines a "trade or business" as "any activity which is carried on for the production of income from the sale of goods or the performance of services." Furthermore, Treasury Regulation § 1-513-1(b) notes that "trade or business" in § 513 has the same meaning as it does in § 162 of the Internal Revenue Code.

Courts interpreting the term "trade or business" under §§ 513 and 162 "have recognized that an exempt organization must carry out extensive business activities over a substantial period of time to be engaged in a trade or business." American Academy of Family Physicians v. United States, 91 F.3d 1155, 1158 (8th Cir. 1996)(emphasis added). See also Professional Insurance Agents of Michigan v. Commissioner of Internal Revenue, 726 F.2d 1097, 1102 (6th Cir. 1984)("Section 162's definition of 'trade or

4

business' connotes 'extensive activity over a substantial period
of time during which the taxpayer holds himself out as a provider
of goods and services,'" quoting <u>McDowell v. Ribicoff</u>, 292 F.2d
174, 178 (3rd Cir. 1961)).

Reviewing the undisputed record, the Court cannot conclude
that Plaintiff's activities were "extensive."   According to the
Stipulation entered into by the parties, Plaintiff's role was
limited to jointly applying for the gaming permit and purchasing
the tip jar tickets.   In his undisputed affidavit, Arthur
Damuth, Plaintiff's president during the relevant period, states
that:

> 5. Vigilant did not perform any
> activities pertaining to the operation of the
> tip jars in the private establishments other
> than [obtaining permits and tickets].
> Vigilant had no contracts, oral or written,
> with these establishments regarding the
> operation of the tip jars. Vigilant did not
> supervise, participate in or attempt to
> control these activities. The operators of
> the establishments decided when, whether, and
> under what circumstances to operate the tip
> jars.
>
> 6. Vigilant does not have access to the
> establishments' books and records regarding
> the operation of tip jars. Under the
> Frederick County Gaming Ordinance these
> establishments are accountable to the
> Frederick County office of Permits and
> Inspections, not to Vigilant.

Damuth Affidavit at ¶¶ 5, 6.

Defendant's own characterization of Plaintiff's role in the
tip jar enterprise recognizes Plaintiff's minimal role. "The only

5

activities in the instant case conducted by [Plaintiff's] volunteers were the purchase of the tip-jar tickets and the obtaining of the permits. The significant and substantial portion of the gambling activity was the sale of the tip-jar tickets at the participating bars." Defendant's Motion at 9.

Implicitly acknowledging that Plaintiff's activities, alone, are insufficient to constitute a trade or business, Defendant seeks to impute the activities of the three taverns' employees to Plaintiff by classifying the relationship between Plaintiff and the taverns as a "joint venture." Defendant's Cross-Motion at 4. Defendant provides little, if any, authority for this theory, and the cases cited by Plaintiff seriously undermine it as a means to generate sufficient activity attributable to Plaintiff.

In State Police Association of Massachusetts v. Commissioner of Internal Revenue, 125 F.3d 1 (1st Cir. 1997), the State Police Association, a non-profit labor organization, published an annual yearbook. The Association retained for-profit firms to solicit advertisements for the yearbook and the revenue from those advertisements was a significant source of income for the Association's charitable enterprises. In arguing that this income was not taxable, the Association, like Plaintiff in the instant action, asserted that the Commissioner erred in treating the for-profit firms as agents of the Association and thus attributing those firms' activities to the Association. 125 F.3d

6

at 7.

In finding that the for-profit firms were agents of the
Association, the First Circuit observed that the determination of
the nature of the relationship "depends on a myriad of factors,
including control over the manner and means of performing the
work, the skill required, the method of payment, the duration of
the relationship, and similar factors." Id. Because the
Association "retained very tight control over the method and
manner of solicitation, the ingredients of the sales pitch, the
identity of solicitors, the financial aspects of the arrangement,
the use of the name, the advertising formats, and the contents of
the yearbook," the court found "an ample factual predicate for
the finding that an agency relationship existed between the
Association and the outside firms." Id.

In the relationship between Plaintiff and the three taverns,
there is no similar retention or exercise of control. Aside from
sporadically supplying new tip jar tickets and renewing permits,
Plaintiff had no ongoing connection with the operation of the tip
jars. Whatever outside control over the operations was
exercised, was exercised by the Frederick County Office of
Permits and Inspections, not by Plaintiff. According to the
stipulated facts, Plaintiff did not even seek out or solicit the
three bars. Instead, "[t]he three private establishments . . .
chose Vigilant as the non-profit organization which their tip jar

7

operations would benefit."  Stipulation at ¶ 11.

In short, the Court finds no grounds for imputing the activities of the taverns onto Plaintiff for the purpose of determining the extensiveness of Plaintiff's conduct.  Without that imputation, Plaintiff's activities relative to the tip jar operation are insufficiently extensive to conclude that Plaintiff had entered into the trade or business of operating tip jars.

For these reasons, Plaintiff's motion will be granted and the Court will issue judgment in favor of Plaintiff in the amount of taxes paid, plus interests and costs as allowed by law.  A separate order consistent with this memorandum will issue.

                                        William M. Nickerson
                                        United States District Judge

Dated: May 18, 2001.

8